## Starks v. Hobdy.

(Decided March 20, 1923.)

### Appeal from Simpson Circuit Court.

Easements—Evidence Held to Show Passway Through Uninclosed Woodland was Used as a Matter of Right.—Though ordinarily the use of a passway which runs partly through uninclosed woodlands and is not a way of necessity does not ripen into an easement, proof that the passway was well defined and part of it through a lane fenced on both sides, and that, when a portion of the woodland was cleared by defendant's predecessor in title, he laid out the passway outside of the fence and thereby clearly recognized the existence of the passway and plaintiff's right to use it, is sufficient to show that the passway was used as a matter of right.

E. J. FELTS, GEO. C. HARRIS and S. R. CREWDSON for appellant.

LAWRENCE B. FINN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant asks a reversal of a judgment sustaining appellee's right to a passway over her land.

The parties are adjoining landowners in Simpson county. The passway, which is about a mile in length, runs over appellee's land for a considerable distance, and then over appellant's land to the Auburn road. It has been used by appellee, his family and tenants, and the public in general, for more than thirty years. For a long time it ran through appellant's unenclosed woodland, but for more than twenty years a portion of it has been cleared and fenced on both sides, and is referred to by the witnesses as a lane. Another portion ran through unenclosed woodland, but as the land was cleared, the passway was moved to suit the convenience of the owners. According to appellee's evidence, the last change in the location was made in the year 1902, when appellant's husband and predecessor in title moved the fence and cleared out a road on the outside of the fence, where it has remained ever since and has been used by appellee and his family. On the other hand, appellant's evidence is to the effect that the change did not take place until 1908, and that the road itself was laid out merely for the convenience of the owner. There is also evidence that appellee now has three other outlets from his farm, one of which intersects with the Auburn road at a point about a half mile distant from the passway in question.

Appellant insists that as the passway ran partly through unenclosed woodland, and was not a way of necessity, its use by appellee never ripened into an easement. Ordinarily, that is the rule, but the facts of this case are peculiar. The passway over appellant's land is but a continuation of the passway over appellee's land. The passway is well defined. A portion of it is a lane fenced on both sides. When the land through which the remaining portion of the passway ran was finally cleared and fenced, appellant's predecessor in title himself laid out the passway on the outside of the fence. In doing this, he clearly recognized the existence of the passway and appellee's right to use it. From that time on appellee helped to keep the passway in repair, and he, his family and tenants continued to use it without let or hindrance just as they had always done. In our opinion these circumstances are sufficient to show that the passway was used and enjoyed as a matter of right, and the chancellor did not err in so holding.

Judgment affirmed.